UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIP LEE LUTTRELL,

    Plaintiff,

-vs-

Case No. 08-12680
HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

### MEMORANDUM AND ORDER
### ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
### GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
### AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

#### I.  INTRODUCTION

This is a social security case.  Plaintiff Kip Lee Luttrell (Luttrell) seeks judicial review under 42 U.S.C. § 405(g) of the Social Security Administration Appeals Council's (AC) final decision that Luttrell's then-wife Mariette's earnings from June 28, 2000, through the end of 2003 are to be combined and reallocated equally between them. The AC found the earnings came from Luttrell and Mariette's van customization partnership, "Kip's Kustomizing" (KK).  Luttrell says that KK was sold in November 2000 and any income reported by Mariette after that time is from a separate business, "Kip's Mobility" (KM), in which he has no ownership stake and from which he has no earnings to report.  Luttrell says that he was no longer self-employed and no longer worked at all after June 28, 2000.  Because the Commissioner of Social Security (Commissioner) has not issued a final decision on issues relating to whether Luttrell is disabled, this case is limited to the allocation of earnings to be attributed to Luttrell.

Luttrell instituted this action for judicial review to appeal the AC's decision that Luttrell performed work activity after June 28, 2000. The matter was referred to a magistrate judge (MJ), before whom Luttrell and the Commissioner filed motions for summary judgment. The MJ issued a report and recommendation (MJRR) that Luttrell's motion be denied, the Commissioner's motion be granted, and the findings of the Commissioner related to the allocation of earnings be affirmed.

Before the Court are Luttrell's objections to the MJRR. For the reasons that follow, the Court adopts the MJRR as summarized and supplemented below.

## II.  FACTS

### A.  1999 Application

Luttrell filed an application for social security and disability benefits on January 12, 1999, alleging that he became unable to work on January 1, 1995. The Commissioner denied the application on initial review. After a hearing, an Administrative Law Judge (ALJ) denied Luttrell's claim for disability benefits but granted his claim for supplemental security income (SSI) benefits and directed the Commissioner to award benefits if Luttrell was found eligible.[1] Luttrell requested review of the denial of disability benefits in January 2001. After review the AC remanded the case to the ALJ for further consideration of whether Luttrell and Mariette operated KK as a partnership in 1990 and thereafter, such that the earnings from the business reported solely to Mariette should

---

[1] The ALJ later affirmed this decision to award supplemental security benefits. On appeal, the AC acknowledged that Luttrell's disability status for the purpose of SSI benefits was final; however, it observed that this status could not be used to determine disability insurance benefits. The record is not clear on whether the Commissioner found Luttrell eligible for SSI benefits.

2

have been divided equally between the two of them. On remand, the Commissioner considered Luttrell's amended earnings claims, concluded that Luttrell and Mariette operated KK as a partnership, and attributed one-half of the net earnings to each of them. The couple's earnings were revised for 1989-1990 and 1995-1999; this decision was not contested.

### B.  2005 Application

#### 1.  Commissioner's Findings

Luttrell filed a new application for disability benefits on June 20, 2005. The second application was based on an injury onset date of January 12, 1999. Upon review, the Commissioner determined that Luttrell had engaged in substantial gainful activity until June 28, 2000, and amended Luttrell's last insured date to December 31, 2005.

#### 2.  The ALJ's Decision

A district manager sent Luttrell's case back to the ALJ. After a hearing and receipt of a letter from Luttrell's counsel seeking to amend the onset date to June 28, 2000, the ALJ affirmed his prior decision finding Luttrell eligible for social security benefits but not entitled to a period of disability or disability insurance benefits. The ALJ reasoned that Luttrell did not have the right to amend his tax returns of self-employment income or to allege additional covered earnings and quarters after not objecting to the Commissioner's record of his earnings as entered into the evidentiary record during the hearing for the 1999 application.

#### 3.  The AC's Proposed Findings

On appeal, the AC disagreed with the ALJ and found that the Commissioner may amend the record of an individual's earnings under 40 C.F.R. 404.822(e)(4) if satisfactory evidence shows the need for correction. In February 2008 the AC reported it was prepared to issue a decision that Luttrell and Mariette operated a business involving the customization of vans as a partnership from 1989 through 2003 such that their reported self-employment earnings from that period would be combined and reallocated, with one-half of the total earnings credited to each of them.

### 4. The AC's Final Decision

In April 2008 Luttrell submitted a letter to the AC contending that the evidence could not support a finding that he had been engaged in substantial gainful activity since June 28, 2000. He attached a joint statement with Mariette asserting that KK was sold in 2000 and Mariette's earnings after 2000 were from KM, which operated without Luttrell's involvement (joint statement). On April 18, 2008, the AC issued an eight-page decision consistent with its proposed findings. The AC considered the record, especially tax returns and the joint statement, and cited the following evidence as particularly relevant to its decision: the tax returns reflected only one business, KK; there was no schedule for KM; there was no evidence of record showing that KK was sold in 2000; and there was no evidence of separate business records, such as licenses, bank accounts, sales tax reports, or other third-party verification of the two purportedly separate businesses, KK and KM. The AC added that, given Luttrell's history of not properly reporting his employment, it was not persuaded by the joint statement. The AC also noted that the decision was final only with respect to the allocation of earnings between Luttrell and Mariette for 1989–2003.

### III. LEGAL STANDARD

Judicial review of a social security disability benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1977).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  It is more than a scintilla but less than a preponderance.  Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938).  The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973).  The portions of the MJRR that the claimant finds objectionable are reviewed de novo.  28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV.  ANALYSIS

Luttrell raises several objections to the MJRR, as follows.[2]

#### A.  Failure to Address Allocation of Earnings for 1991–1994

Luttrell says the MJ did not address the Commissioner's failure to correct his and Mariette's earnings for 1991–1994.  He raises this issue for the first time in the objections

---

[2] In his motion for summary judgment, Luttrell says, "As the defendant failed to include the plaintiff's original applications, or any of the other evidence of record at the first hearing, in the transcript . . . the plaintiff cannot refer to, and the court cannot review, many records that would have helped the plaintiff establish his case."  Luttrell was free to provide the Court with these records himself.  He did not.

to the MJRR so it is not clear why he thinks the MJ should have addressed it.  Further, at the beginning of his objections Luttrell says that "this appeal is limited solely" to his work activity after June 28, 2000; therefore, earnings for 1991–1994 are beyond the scope of what is presently before the Court.  Moreover, the final decision of the AC clearly ruled on the entire period of 1989–2003.

### B.  Evidence Concerning Luttrell's Work After June 28, 2000

Luttrell says that the MJ provided no factual basis for his conclusion and ignored facts in the record that establish that Luttrell did not work after June 28, 2000.  This is incorrect.  In reaching its conclusion, the AC relied on specific facts, cited by the MJ, drawn from tax and other business records showing no indication that KK was sold in 2000 and no hint of KM as a separate business.  These facts constitute substantial evidence supporting the AC's finding that Luttrell and Mariette operated a partnership from 1989 through 2003; the Court may not resolve conflicts between this evidence and the joint statement.  See Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007) ("When deciding . . . whether substantial evidence supports the ALJ's decision, we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility.")

### C.  Due Process Violation Claims

Luttrell objects on two grounds that the MJ did not address his due process violation claims.  First, he says the AC made an entirely new finding on an issue that was not raised or in dispute at the hearing level, that is, his work activity after June 28, 2000.  This argument is without merit.  The AC found only that the income for 1989–2003 should be combined and reallocated equally between Mariette and Luttrell.  As the MJ correctly noted, even though Luttrell's challenge is characterized as constitutional, the

6

Court lacks jurisdiction because there was no final decision by the Commissioner as to whether he engaged in substantial gainful activity during the years in question. See 42 U.S.C. § 405(g); Johnson v. Comm'r of Soc. Sec., 2004 WL 886940, at *2 (6th Cir. Apr. 23, 2004); Willis v. Sullivan, 931 F.2d 390, 396–99 (6th Cir. 1991).

Second, Luttrell says the Commissioner did not provide the Court with the full evidentiary record related to his 1999 application. He says this failure deprived him of the opportunity to establish the nature and severity of his mental impairments and rebut the Commissioner's "spurious claims" of his lack of credibility related to the finding that he reported no work after 1996. The question of Luttrell's mental impairments is not at issue in this appeal. Regarding his assertion that he "has always admitted that he did some work after 1996 and through 2000," he appears to be confusing "admitting" some work after he was turned down for benefits with "reporting" no work on his 1999 application. And, as the Court pointed out in note 1 supra, Luttrell could have supplied any missing evidence he believed would have supported his motion and objections.

As the MJRR explained, credibility determinations may not be based solely upon an "intangible or intuitive notion about an individual's credibility," Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007), but if supported by substantial evidence, the Commissioner's findings of fact are conclusive, § 405(g). The AC relied on substantial evidence drawn from the 1999 application, tax returns, and other business records showing no work initially reported after 1996, no indication that KK was sold in 2000, and no hint of the existence of KM as a business separate from KK.

### V. CONCLUSION

For the reasons stated above and in the MJRR, Luttrell's motion for summary

judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED.  The case is DISMISSED.

    SO ORDERED.

                                                  s/ Avern Cohn  
                                                  AVERN COHN  
                                                  UNITED STATES DISTRICT JUDGE

Dated:  July 14, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 14, 2009, by electronic and/or ordinary mail.

                                                  s/ Julie Owens  
                                                  Case Manager, (313) 234-5160